IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO CROSS, | ) |
|                Plaintiff, | ) Case No. 13 CV 02269 ) ) JUDGE JOHN Z. LEE |
| vs. | ) ) Magistrate Judge Rowland |
| CITY OF CHICAGO, a Municipal Corporation, and DANTE SERVIN, an Individual, | ) ) **Jury Demand** ) |
|                Defendants. | ) |

DEFENDANT CITY OF CHICAGO'S ANSWER,
DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT AT LAW

Defendant, City of Chicago ("City"), by its attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, for its Answer to Plaintiffs' Complaint, Affirmative Defenses and Jury Demand, state as follows:

PARTIES & JURISDICTION

1. **Plaintiff Antonio Cross lives in Cook County, Illinois.**

ANSWER: City, on information and belief, admits the allegations in this paragraph.

2. **Defendant City of Chicago is a municipal corporation with its principal office in Cook County, Illinois.**

ANSWER: City admits the allegations in this paragraph.

3. **Defendant Dante Servin lives in Cook County, Illinois.**

ANSWER: City admits the allegations in this paragraph.

4. **At all times mentioned in this complaint, defendant Dante Servin was acting under color of law and within the scope of his employment with defendant City of Chicago.**

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

5. **All events mentioned in this complaint occurred in Cook County, Illinois.**

ANSWER: City admits the allegations in this paragraph.

## FACTS

6. **During the early morning hours of March 21, 2012, plaintiff Antonio Cross was in the vicinity of 3100 W. 15th Place in Chicago.**

ANSWER: City admits the allegations in this paragraph.

7. **Plaintiff Antonio Cross was walking westbound on the sidewalk buttressing 15th Place with some other individuals including Rekia Boyd.**

ANSWER: City admits that there were other individuals present, which included Rekia Boyd. City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

8. **At that time and place, defendant Dante Servin approached the group in his vehicle.**

ANSWER: City, on information and belief, admits that defendant Dante Servin was in a vehicle when he came into contact with plaintiff and other individuals on the night in question. City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

9. **Defendant Dante Servin identified himself as a police officer and brandished a firearm.**

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

10. **Defendant Dante Servin intentionally aimed the barrel of his firearm in plaintiff Antonio Cross' direction and intentionally fired several bullets.**

ANSWER: City, on information and belief, admits that Dante Servin did intend to fire his

firearm in the direction of Antonio Cross and did fire several bullets. City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

**11. One of those bullets struck Rekia Boyd in the head; another struck plaintiff Antonio Cross in the hand.**

ANSWER: City admits the allegations in this paragraph.

**12. Plaintiff Antonio Cross sustained severe and disabling personal injuries as a result of the bullet that defendant Dante Servin fired.**

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

**13. At all times mentioned in this complaint, plaintiff Antonio Cross was unarmed.**

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

**14. At all times mentioned in this complaint, plaintiff Antonio Cross did not pose any risk of imminent harm to defendant Dante Servin.**

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

**15. At all times mentioned in this complaint, plaintiff Antonio Cross did not appear to pose any risk of imminent harm to defendant Dante Servin.**

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

**16. On information and belief, defendant Dante Servin furnished false information concerning the events leading up to the shooting, which caused criminal proceedings to be commenced against Antonio Cross and which caused Antonio Cross' arrest.**

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

  **17. Plaintiff Antonio Cross was arrested, jailed, and prosecuted for aggravated assault.**

ANSWER: City, on information and belief, admits that Plaintiff was arrested, held briefly in a lock-up, and prosecuted for aggravated assault. City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

  **18. The criminal proceedings against plaintiff Antonio Cross were terminated in a manner indicative of his innocence in that no witnesses appeared to testify against him.**

ANSWER: City denies the allegations in this paragraph.

  **19. As a result of being shot in the hand, maliciously arrested and prosecuted, and witnessing the shooting of Rekia Boyd, plaintiff Antonio Cross has suffered severe mental distress.**

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

<u>**COUNT I - BATTERY**</u>
**(v. DANTE SERVIN)**

  **20. Plaintiff re-alleges paragraphs 1-19 of this Complaint as if fully set forth herein.**

ANSWER: City reasserts its answers to paragraphs 1-19 herein

  **21. Defendant Dante Servin intentionally caused an unconsented harmful contact to Antonio Cross' person in that Dante Servin intentionally shot Antonio Cross.**

ANSWER: City, on information and belief, admits that Defendant Dante Servin did intend to discharge his weapon at Plaintiff and that Plaintiff was shot. City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

paragraph.

22. As a direct and proximate result of Dante Servin's intentional conduct, Antonio Cross sustained physical pain and damage, severe and disabling injuries, and severe emotional distress.

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

## COUNT II-BATTERY-RESPONDEAT SUPERIOR
(v. CITY OF CHICAGO)

23. Plaintiff re-alleges paragraphs 20-22 of this Complaint as if fully set forth herein.

ANSWER: City reasserts its answers to paragraphs 20-22 herein.

24. At all relevant times, Dante Servin was acting within the scope of his employment with defendant City of Chicago, thereby rendering defendant City of Chicago vicariously liable under the doctrine of respondeat superior.

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

WHEREFORE, Defendant, City of Chicago, prays that this Court enter judgment in its favor on Plaintiff's Complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT III - MALICIOUS PROSECUTION
(v. DANTE SERVIN)

25. Plaintiff re-alleges paragraphs 1-19 of this Complaint as if fully set forth herein.

ANSWER: City reasserts its answers to paragraphs 1-19 herein.

26. Defendant Dante Servin, maliciously instituted criminal proceedings against plaintiff Antonio Cross without probable cause.

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

27. **The criminal proceedings against plaintiff Antonio Cross were terminated in a manner indicative of his innocence.**

ANSWER: City denies the allegations in this paragraph.

28. **Plaintiff Antonio Cross was arrested and jailed and suffered incidental and consequential damages as a result thereof.**

ANSWER: City admits that Antonio Cross was arrested and placed into lockup for brief period of time. City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

## COUNT IV - MALICIOUS PROSECUTION-RESPONDEAT SUPERIOR
(v. CITY OF CHICAGO)

29. **Plaintiff re-alleges paragraphs 25-28 of this Complaint as if fully set forth herein.**

ANSWER: City reasserts its answers to paragraphs 25-28 herein.

30. **At all relevant times, Dante Servin was acting within the scope of his employment with defendant City of Chicago, thereby rendering defendant City of Chicago vicariously liable under the doctrine of respondeat superior.**

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

WHEREFORE, Defendant, City of Chicago, prays that this Court enter judgment in its favor on Plaintiff's Complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(v. DANTE SERVIN)

31. Plaintiff re-alleges paragraphs 1-19 of this Complaint as if fully set forth herein.

ANSWER: City reasserts its answers to paragraphs 1-19 herein.

32. The conduct of defendant Dante Servin as set forth above was extreme and outrageous. Defendant Dante Servin's conduct was rooted in an abuse of power or authority and was undertaken with intent to cause, or reckless disregard of the high likelihood that it would cause, severe emotional distress to plaintiff Antonio Cross.

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

33. The conduct of defendant Dante Servin in fact caused severe emotional distress to plaintiff Antonio Cross.

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

## COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - RESPONDEAT SUPERIOR
(v. CITY OF CHICAGO)

34. Plaintiff re-alleges paragraphs 31-33 of this Complaint as if fully set forth herein.

ANSWER: City reasserts its answers to paragraphs 31-33 herein.

35. At all relevant times, Dante Servin was acting within the scope of his employment with defendant City of Chicago, thereby rendering defendant City of Chicago vicariously liable under the doctrine of respondeat superior.

ANSWER: City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

WHEREFORE, Defendant, City of Chicago, prays that this Court enter judgment in its

favor on Plaintiff's Complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT VII - 42 U.S.C. § 1983
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
(v. DANTE SERVIN)

36.  Plaintiff re-alleges paragraphs 1-19 of this Complaint as if fully set forth herein.

ANSWER:  City reasserts its answers to paragraphs 1-19 herein.

37.  By shooting plaintiff Antonio Cross when plaintiff Antonio Cross did not actually pose, nor appear to pose, a threat to defendant Dante Servin, defendant Dante Servin used excessive force in violation of the Fourth Amendment to the United States Constitution.

ANSWER:  City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

1. At all times relevant, 745 ILCS 10/2-109 was in force and effect.

2. Pursuant to this provision, Defendant City is not required to pay any tort judgment or settlement for compensatory damages for which an employee who is not acting within the scope of his employment is liable. 745 ILCS 10/9-102 (2012)

3. Defendant Dante Servin was an employee of the City of Chicago on the date of the incident, but was off duty at the time of the alleged incident.

4. To the extent that Dante Servin was not acting within in the scope of his employment at the time of alleged incident is not liable to plaintiff, then the City of Chicago is not liable to plaintiff.

#### Second Affirmative Defense

1. At all times relevant, 745 ILCS 10/2-109 was in force and effect.

2. Pursuant to this provision, Defendant City is not liable to plaintiff for any state law claim for which its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109 (2012)

3. Defendant Dante Servin was an employee of the City of Chicago on the date of the alleged incident.

4. To the extent that Dante Servin is not liable to plaintiff, then the City of Chicago is not liable to plaintiff.

### Third Affirmative Defense

1. At all times relevant, 745 ILCS 10/2-202 was in force and effect.

2. Pursuant to this provision, to the extent any employee or agent of defendant City was acting within the scope of his or her employment, that employee or agent is not liable as to plaintiff's state law claims for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2012).

3. Defendant Dante Servin was an employee of the City of Chicago on the date of the incident.

4. To the extent that Dante Servin was acting within the scope of his employment as a peace officer with the City of Chicago, then the City of Chicago is immune from all alleged conduct while Dante Servin was executing or enforcing the law unless such act or omission was wilful and wanton.

### Fourth Affirmative Defense

1. At all times relevant, 745 ILCS 10/2-104 was in force and effect.

2. Pursuant to this provision, Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2012).

3. Antonio Cross is alleged to have committed an aggravated assault of Defendant Dante Servin at the time of the underlying incident.

3. To the extent that the injuries alleged by plaintiff were caused by the act or omission of another person, then the City of Chicago is not liable to plaintiff

## Fifth Affirmative Defense

To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principals of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. See People of City of Rollings Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

## JURY DEMAND

Defendant City of Chicago respectfully requests a trial by jury.

Respectfully submitted,

STEPHEN R. PATTON
CORPORATION COUNSEL OF
THE CITY OF CHICAGO

By: /s/ Josh M. Engquist
Senior Counsel

30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-7852
(312) 744-6566 (FAX)
ATTY. NO.: 6242849