# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO CROSS, | ) | |
| | ) | Case No. 13 C 2269 |
| Plaintiff, | ) | |
| | ) | Judge Lee |
| vs. | ) | |
| | ) | Magistrate Judge Rowland |
| CITY OF CHICAGO, a Municipal Corporation, | ) | |
| and DANTE SERVIN, an Individual, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## DEFENDANT DANTE SERVIN'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant Detective Dante Servin ("Det. Servin"), by and through one of his attorneys, Christopher A. Wallace, Assistant Corporation Counsel of the City of Chicago Department of Law, submits the following answer to Plaintiff's complaint, affirmative defenses and jury demand.

## PARTIES & JURISDICTION

1. Plaintiff Antonio Cross lives in Cook County, Illinois.

**ANSWER**: **Det. Servin lacks sufficient knowledge or information to admit or deny the truth of the allegation that Plaintiff currently lives in Cook County, Illinois.**

2. Defendant City of Chicago is a municipal corporation with its principal office in Cook County, Illinois.

**ANSWER**: **Det. Servin, upon information and belief, admits the allegations set forth in this paragraph.**

3. Defendant Dante Servin lives in Cook County, Illinois.

**ANSWER**: **Det. Servin admits the allegation set forth in this paragraph.**

4. At all times mentioned in this complaint, defendant Dante Servin was acting under color of law and within the scope of his employment with defendant City of Chicago.

**ANSWER**: **Det. Servin admits that when he fired his weapon he was acting under color of**

law and within the scope of his employment as a Chicago Police Officer.

5. All events mentioned in this complaint occurred in Cook County, Illinois.

**ANSWER**: **Det. Servin admits the relevant events took place in Cook County, Illinois.**

## FACTS

6. During the early morning hours of March 21, 2012, plaintiff Antonio Cross was in the vicinity of 3100 W. 15th Place in Chicago.

**ANSWER**: **Det. Servin admits the allegations set forth in this paragraph.**

7. Plaintiff Antonio Cross was walking westbound on the sidewalk buttressing 15th Place with some other individuals including Rekia Boyd.

**ANSWER**: **Det. Servin denies that Plaintiff has fully or accurately set forth the position of Plaintiff Antonio Cross in relation to other individuals and therefore denies the allegations set forth in this paragraph as stated. Answering further, Det. Servin admits that Plaintiff Antonio Cross was walking on the sidewalk adjacent to 15th Place.**

8. At that time and place, defendant Dante Servin approached the group in his vehicle.

**ANSWER**: **Det. Servin denies the allegations set forth in this paragraph as stated.**

9. Defendant Dante Servin identified himself as a police officer and brandished a firearm.

**ANSWER**: **Det. Servin admits that at some point during the incident he identified himself as a police officer. Responding further, Det. Servin denies the remaining allegation set forth in this paragraph as stated.**

10. Defendant Dante Servin intentionally aimed the barrel of his firearm in plaintiff Antonio Cross' direction and intentionally fired several bullets.

**ANSWER**: **Det. Servin admits he pointed his firearm in Plaintiff's direction and fired shots at Plaintiff.**

11. One of those bullets struck Rekia Boyd in the head; another struck plaintiff Antonio Cross in the hand.

**ANSWER**: **Det. Servin, upon information and belief, admits that Rekia Boyd sustained a gunshot wound to the head and Plaintiff Antonio Cross sustained a gunshot wound to his hand.**

12. Plaintiff Antonio Cross sustained severe and disabling personal injuries as a result of the bullet that defendant Dante Servin fired.

**ANSWER**: **Det. Servin lacks sufficient knowledge or information to admit or deny the truth of the allegations set forth in this paragraph.**

13. At all times mentioned in this complaint, plaintiff Antonio Cross was unarmed.

**ANSWER**: **Det. Servin denies that Plaintiff has fully or accurately set forth the incident or incidents occurring on March 21, 2012, and therefore denies the allegations set forth in this paragraph.**

14. At all times mentioned in this complaint, plaintiff Antonio Cross did not pose any risk of imminent harm to defendant Dante Servin.

**ANSWER**: **Det. Servin denies that Plaintiff has fully or accurately set forth the incident or incidents occurring on March 21, 2012, and therefore denies the allegations set forth in this paragraph.**

15. At all times mentioned in this complaint, plaintiff Antonio Cross did not appear to pose any risk of imminent harm to defendant Dante Servin.

**ANSWER**: **Det. Servin denies that Plaintiff has fully or accurately set forth the incident or incidents occurring on March 21, 2012, and therefore denies the allegations set forth in this paragraph.**

16. On information and belief, defendant Dante Servin furnished false information concerning the events leading up to the shooting, which caused criminal proceedings to be commenced against Antonio Cross and which caused Antonio Cross' arrest.

**ANSWER**: **Det. Servin denies the allegations set forth in this paragraph.**

17. Plaintiff Antonio Cross was arrested, jailed, and prosecuted for aggravated assault.

**ANSWER:** **Det. Servin admits that Plaintiff was arrested and charged with aggravated assault. Responding further, lacks sufficient knowledge or information to admit or deny the truth of the allegations set forth in this paragraph.**

18. The criminal proceedings against plaintiff Antonio Cross were terminated in a manner indicative of his innocence in that no witnesses appeared to testify against him.

**ANSWER:** **Det. Servin denies that Plaintiff has fully or accurately set forth the circumstances relating to the termination of the criminal proceedings and therefore denies the allegations set forth in this paragraph.**

19. As a result of being shot in the hand, maliciously arrested and prosecuted, and witnessing the shooting of Rekia Boyd, plaintiff Antonio Cross has suffered severe mental distress.

**ANSWER:** **Det. Servin denies the allegations set forth in this paragraph in so far as it alleges Det. Servin maliciously arrested and prosecuted Plaintiff. Responding further, Det. Servin lacks sufficient knowledge or information to admit or deny the truth of the remaining allegations set forth in this paragraph.**

## COUNT I - BATTERY
(v. DANTE SERVIN)

20. Plaintiff re-alleges paragraphs 1-19 of this Complaint as if fully set forth herein.

**ANSWER**: **Det. Servin reasserts his answers contained in the preceding paragraphs one through nineteen (1-19) and incorporates his answers herein, as though fully stated.**

21. Defendant Dante Servin intentionally caused an unconsented harmful contact to Antonio Cross' person in that Dante Servin intentionally shot Antonio Cross.

**ANSWER**: **Det. Servin denies that Plaintiff has fully or accurately set forth the circumstances relating to the shooting and therefore denies the allegations set forth in this paragraph.**

22. As a direct and proximate result of Dante Servin's intentional conduct, Antonio Cross sustained physical pain and damage, severe and disabling injuries, and severe emotional

distress.

**ANSWER**: **Det. Servin denies that Plaintiff has fully or accurately set forth the circumstances relating to the shooting and therefore denies the allegations set forth in this paragraph.**

*WHEREFORE, Det. Servin requests this Court enter judgment in his favor as to Count I and against plaintiff and enter any other relief in favor of him and against plaintiff that this Court deems just and proper.*

## COUNT II-BATTERY-RESPONDEAT SUPERIOR
(v. CITY OF CHICAGO)

*Count II is not directed against Detective Servin.*

## COUNT III - MALICIOUS PROSECUTION
(v. DANTE SERVIN)

25. Plaintiff re-alleges paragraphs 1-19 of this Complaint as if fully set forth herein.

**ANSWER**: **Det. Servin reasserts his answers contained in the preceding paragraphs one through nineteen (1-19) and incorporates his answers herein, as though fully stated.**

26. Defendant Dante Servin, maliciously instituted criminal proceedings against plaintiff Antonio Cross without probable cause.

**ANSWER**: **Det. Servin denies the allegations set forth in this paragraph.**

27. The criminal proceedings against plaintiff Antonio Cross were terminated in a manner indicative of his innocence.

**ANSWER**: **Det. Servin denies that Plaintiff has fully or accurately set forth the circumstances relating to the termination of the criminal proceedings and therefore denies the allegations set forth in this paragraph.**

5

28. Plaintiff Antonio Cross was arrested and jailed and suffered incidental and consequential damages as a result thereof.

**ANSWER**: **Det. Servin admits that Plaintiff Antonio Cross was arrested. Answering further, Det. Servin lacks sufficient knowledge and information to admit or deny the truth of the remaining allegations set forth in this paragraph.**

*WHEREFORE, Det. Servin requests this Court enter judgment in his favor as to Count III and against plaintiff and enter any other relief in favor of him and against plaintiff that this Court deems just and proper.*

**COUNT IV - MALICIOUS PROSECUTION-RESPONDEAT SUPERIOR**
(v. CITY OF CHICAGO)

*Count IV is not directed against Det. Servin.*

**COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(v. DANTE SERVIN)

31. Plaintiff re-alleges paragraphs 1-19 of this Complaint as if fully set forth herein.

**ANSWER**: **Det. Servin reasserts his answers contained in the preceding paragraphs one through nineteen (1-19) and incorporates his answers herein, as though fully stated.**

32. The conduct of defendant Dante Servin as set forth above was extreme and outrageous. Defendant Dante Servin's conduct was rooted in an abuse of power or authority and was undertaken with intent to cause, or reckless disregard of the high likelihood that it would cause, severe emotional distress to plaintiff Antonio Cross.

**ANSWER**: **Det. Servin denies the allegations set forth in this paragraph.**

33. The conduct of defendant Dante Servin in fact caused severe emotional distress to plaintiff Antonio Cross.

**ANSWER**: Det. Servin denies the allegations set forth in this paragraph.

*WHEREFORE, Det. Servin requests this Court enter judgment in his favor as to Count V and against plaintiff and enter any other relief in favor of him and against plaintiff that this Court deems just and proper.*

**COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - RESPONDEAT SUPERIOR**
(v. CITY OF CHICAGO)

*Count VI is not directed to Det. Servin.*

**COUNT VII - 42 U.S.C. § 1983**
**EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
(v. DANTE SERVIN)

36. Plaintiff re-alleges paragraphs 1-19 of this Complaint as if fully set forth herein.

**ANSWER**: **Det. Servin reasserts his answers contained in the preceding paragraphs one through nineteen (1-19) and incorporates his answers herein, as though fully stated.**

37. By shooting plaintiff Antonio Cross when plaintiff Antonio Cross did not actually pose, nor appear to pose, a threat to defendant Dante Servin, defendant Dante Servin used excessive force in violation of the Fourth Amendment to the United States Constitution.

**ANSWER**: **Det. Servin denies the allegations set forth in this paragraph.**

*WHEREFORE, Det. Servin requests this Court enter judgment in his favor as to Count VII and against plaintiff and enter any other relief in favor of him and against plaintiff that this Court deems just and proper.*

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

1. A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct, pursuant to 745 ILCS 10/2-202.

2. Det. Servin was executing and enforcing the law in terms of the conduct from which Plaintiff seeks damages. Therefore, Det. Servin is immune from liability unless Plaintiff proves that Det. Servin's actions in shooting Plaintiff constituted willful and wanton conduct.

3. A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable, 745 ILCS 10/2-109.

## Second Affirmative Defense

1. Any allegation in Plaintiff's Complaint that can be construed as an allegation that Det. Servin committed misconduct in how he provided police services is barred by section 4-102 of the Tort Immunity Act, which was in effect at the time, and which states:

> 4-102. Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals. This immunity is not waived by a contract for private security service, but cannot be transferred to any non-public entity or employee.

745 ILCS 10/4-102.

## Third Affirmative Defense

1. At the time of the occurrence alleged in the complaint, 745 ILCS 10/2-201 was in effect and provided as follows:

> 2-201. Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

2. Any allegation in Plaintiff's Complaint that can be construed as an allegation that

Det. Servin committed misconduct as to a discretionary act is barred by section 2-201.

### Fourth Affirmative Defense

1. Under Section 204 of the Tort Immunity Act, public employees, acting within the scope of employment, are not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204. Det. Servin was acting within the scope of his employment and is not liable for the acts or omissions of other persons.

2. At the time of the incident, Section 204 was in force and effect.

### Fifth Affirmative Defense

Det. Servin is entitled to qualified immunity. He is a governmental official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Det. Servin could have believed the actions taken to be lawful, in light of clearly established law and the information he possessed at the his actions were undertaken.

### Sixth Affirmative Defense

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

### Seventh Affirmative Defense

To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principals of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See People of City of Rollings Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

### JURY DEMAND

Det. Servin demands a trial by jury for issues so triable.

Dated: June 21, 2013

                                          Dante Servin, Defendant

                                        By: */s/ Christopher A. Wallace*
                                                Christopher A. Wallace

                                        Assistant Corporation Counsel
                                        *Attorney for Detective Dante Servin*

City of Chicago Department of Law
30 N. LaSalle St.
Suite 900
Chicago, IL 60602
T: (312) 742-6408
F: (312) 744-6566
Attorney #: 6278655

## **CERTIFICATE OF SERVICE**

       I, Christopher Wallace, certify that on June 21, 2013, I caused a copy of Det. Servin's Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the ECF system.

                                                  */s/ Christopher Wallace*
                                                    Christopher Wallace