UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO CROSS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 CV 2269 |
| CITY OF CHICAGO, et. al. | ) Judge Andrea R. Wood |
| Defendants. | ) Magistrate Judge Mary M. Rowland |

## REASSIGNMENT STATUS REPORT

Atty. Benjamin E. Starks, representing Plaintiff, Antonio Cross ("Plaintiff"), and Atty. Josh M. Engquist and Carla M. Kupe-Arion, representing Defendant, City of Chicago and Christopher Wallace and Scott Jebson, representing Officer Dante Servin Star#21133, hereby submit to the Court the following Reassignment Status Report:

1. **Nature of the Case:**

    **A.** The attorneys of Record are as follows:

    (i) Benjamin E. Starks, representing Plaintiff, Antonio Cross ("Cross").

    (ii) Josh M. Engquist and Carla M. Kupe-Arion representing Defendant, City of Chicago.

    (iii) Christopher Wallace and Scott Jebson representing Defendant, Dante Servin.

    **B.** All parties have been served.

    **C.** The basis for federal jurisdiction is a claim for excessive use of force in violation of the fourth amendment to the United States Constitution brought under 42 U.S.C. §1983.

    **D.** Plaintiff has brought state law claims for battery, malicious prosecution and intentional infliction of emotional distress against Defendants City of Chicago and Officer Dante Servin. Additionally, Plaintiff Cross has asserted a federal claim under section 1983 for the excessive and unreasonable use of force by Defendant Servin which resulted in Mr. Cross suffering serious and permanent injuries. Plaintiff further contends

that at all relevant times, Defendant Dante Servin, was acting within the scope of his employment with Defendant City of Chicago thereby rendering the City of Chicago vicariously liable under the doctrine of *respondeat superior*. There are no counterclaims asserted in this cause of action which is pending before this honorable court.

Plaintiff, Antonio Cross, asserts that Defendant, City of Chicago, by and through police officer Dante Servin ("Servin") who while acting under the color of law and within the scope of his employment as a Chicago police officer, on March 21, 2012 near the area of 3100 W. 15th Place, approached and detained the Plaintiff and several other individuals. Officer Servin thereafter drew his firearm and fired several shots at the Plaintiff and the other individuals. One shot struck Cross in the hand causing serious injuries. Another shot struck Rekia Boyd, who was present with the Plaintiff, in the head causing her death.

At all times relevant, Antonio Cross and the persons he was with were unarmed and did not pose a risk of imminent threat of harm to officer Servin. In an effort to cover up the shooting, the Defendants arrested the Mr. Cross and initiated and participated in furnishing false information leading to the malicious prosecution of the Plaintiff. Almost a year later, the criminal charges were terminated in a manner indicative of Plaintiff's innocence. The City of Chicago is vicariously liable for the actions of is officer, Defendant Servin, under the doctrine of *respondeat superior*.

Defendant Servin's counsel's version of the major legal and factual issues in the case are as follows:

Whether or not Defendant Servin's firing his weapon at Plaintiff constituted excessive force under the Fourth Amendment, and whether or not Plaintiff was subjected to a malicious prosecution subsequent to the shooting incident.

Plaintiff seeks damages in excess of $50,000.00, exclusive of interest, costs and attorney's fees, for serious physical and emotional harms and losses he sustained as a result of being shot by officer Servin, and damages for the emotional and traumatic harms he suffered while being maliciously prosecuted as a result of false allegations made by the City of Chicago and certain police personnel including but not limited to officer Dante Servin.

On Monday, November 25, 2013, Officer Dante Servin has subsequently been indicted for the fatal shooting of Rekia Boyd. We believe that the Courts knowledge of whether or not the

Defendant was indicted is highly relevant in as much as this is a jury trial rather than a bench trial. However, the Defendant Servin's counsel believes that it is irrelevant. The case at bar arose out of the same incident.

**Defendant City of Chicago's statement of major legal and factual issues in this matter are as follows:**

Whether or not Defendant Servin was acting under the scope of his employment at the time of the incident in question. Defendant Servin was off-duty at the time of the underlying incident. Plaintiff and all non-party witnesses were not aware before or during the incident that Mr. Servin was employed as a Chicago Officer.

Whether the forced used by Defendant Servin was excessive under the circumstances and whether Plaintiff was subjected to a malicious prosecution. Plaintiff admits he was holding an object at the time of the underlying incident. A statement taken of one of Plaintiff's friends on the night of the incident by a Cook County State's Attorney states that Plaintiff held a black phone in his hand and pointed at Mr. Servin as if it was a handgun in order to scare Mr. Servin.

2. **Discovery and Other Proceedings to Date**

    A. Discovery

    Plaintiff requires discovery on its claims. Defendant, City of Chicago have answered the Complaint and Defendant, City of Chicago, may require discovery on the basis for their denials, if any.

    (i) The general type of discovery needed are background information on Dante Servin star# 21133 and any excessive force claims. Defendant Dante Servin's counsel does not agree that Servin's background is relevant or needed.
    (ii) Rule 26(a)(1) disclosures have been exchanged.
    (iii) Written discovery have been issued and answered.
    (iv) Expert discovery is anticipated and will need to be scheduled following the completion of fact discovery.
    (v) A dispositive motion should be scheduled following completion of discovery.
    (vi) Fact discovery is currently scheduled to close on January 10, 2014. The parties will need additional time to complete discovery and anticipate requesting an extension at the upcoming status report.

    B. There are no pending motions at this time.

C. There are no substantive rulings that have been issued in the case.

3. **Trial**

    A. A Jury demand was requested.

    B. No trial date has been set but an anticipate being ready for trial on or about July, 2014.

    C. A final pretrial Order has not been filed and no deadline has been set for filing a final pretrial order.

    D. Plaintiff and Defendant, City of Chicago, are requesting a trial by jury and that the expected length of trial shall last approximately seven (7) days.

4. **Consent to Proceed Before a Magistrate Judge**

    A. The case has not be referred to the Magistrate Jude for discovery supervision a settlement conference and/or any other purposes. The Plaintiff consents to proceed before a Magistrate Judge but the Defendant does not consent to proceed before a Magistrate Judge.

    B. The parties have engaged in settlement discussion, but have been unable to resolve this matter.

    C. The Plaintiff believes that a Settlement Conference would be productive at this time. However, the Defendants do not believe that a Settlement Conference would be productive.

    D. The Plaintiff's counsel has not informed his client about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. Counsel for the City has informed its' client regarding the possibility of consenting to a magistrate judge.

Date: December    4   , 2013

                                                                  By:    */s/ Benjamin E. Starks*   
                                                                        Benjamin E. Starks, Atty. For Plaintiff

Starks & Associates, P.C.
11528 S. Halsted
Chicago, IL 60628
Ph# (773) 995-7900
Fax# (773) 995-7921
Email: starkslaws@yahoo.com

                                 **CITY OF CHICAGO**

                                 By: ___*/s/ Josh M. Engquist*_____
                                         One of its Attorneys

City of Chicago Law Department
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
Ph# (312) 744-8362
Email: josh.engquist@cityofchicago.org

                                 **CITY OF CHICAGO**

                                 By: ___*/s/ Carla M. Kupe-Arion*_____
                                         One of its Attorneys

City of Chicago Law Department
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
Ph# (312) 744-8362
Email: Carla.kupe.arion@cityofchicago.org

                                 **OFFICER DANTE SERVIN**

                                 By: ___*/s/ Christopher Wallace*_____
                                       Christopher Wallace
                                       Attorney for Defendant Dante Servin

City of Chicago Law Department
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
Ph# (312) 744-8362
Email: Christopher.Wallace@cityofchicag.org

                                 **OFFICER DANTE SERVIN**

                                 By: ___*/s/ Scott Jebson*_____
                                       Scott Jebson
                                       Attorney for Defendant Dante Servin

City of Chicago Law Department
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
Ph# (312) 744-8362
Email: Scott.Jebson@cityofchicag.org